IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 5:23-CR-087-H(02) |
| ABEL VALDES UGARTE (2) | |

## FACTUAL RESUME

In support of Abel Valdes Ugarte's plea of guilty to the offense in Count Nine of the Superseding Indictment, Ugarte, the defendant, Keltin VonGonten, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Nine of the Superseding Indictment, charging a violation of 18 U.S.C. § 371, that is, Conspiracy to Commit Bank Theft, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First*: That the defendant and at least one other person agreed to commit the crime of Bank Theft, as charged in the Superseding Indictment;

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*: That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

A "conspiracy" is an agreement between two or more persons to join together to

---

[1] Fifth Circuit Pattern Jury Instruction 2.15A (5th Cir. 2019).

accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

The overt act need not be of a criminal nature so long as it is done in furtherance of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

To prove a violation of 18 U.S.C. § 2113(b), that is, Bank Theft, the government must prove each of the following elements beyond a reasonable doubt:[2]

*First*: That the defendant took and carried away money belonging to or in the care, custody, control, management, or possession of a bank, credit union, or insured savings and loan association;

---

[2] Fifth Circuit Pattern Jury Instruction 2.80B (5th Cir. 2019).

Abel Valdes Ugarte
Factual Resume—Page 2

*Second*: That at the time the bank, credit union, or insured savings and loan association, had its deposits insured by the Federal Deposit Insurance Corporation;

*Third*: That the defendant took and carried away such money with the intent to steal; and

*Fourth*: That such money exceeded $1,000 in value.

To "steal" or means to wrongfully take money, property, or thing of value belonging to another with intent to deprive the owner of its use or benefit either temporarily or permanently. Any appreciable change of the location of the property with the intent to deprive constitutes a stealing whether or not there is an actual removal of it from the owner's premises.

## STIPULATED FACTS

1.      The defendant, Abel Valdes Ugarte admits and agrees that from on or about

June 27, 2023, to on or about August 3, 2023, in the Lubbock and Amarillo Divisions of

the Northern District of Texas, and elsewhere, he, Carlos Jordano Herrera Ruiz, and

Yordanis Sanchez Tamayo, did combine, conspire, confederate, and agree with each

other, and others known and unknown to the grand jury, to take and carry away, with

intent to steal and purloin, money, property, or a thing of value exceeding $1,000

belonging to, and in the care, custody, control, management, or possession of a bank,

credit union, or any savings and loan association whose deposits were then insured by the

Federal Deposit Insurance Corporation. In furtherance of the conspiracy and to effect the

objects thereof, the conspirators committed, among others, the following overt acts in the

Northern District of Texas and elsewhere: The remaining counts of the Superseding

Abel Valdes Ugarte
Factual Resume—Page 3

Indictment are hereby incorporated as overt acts of this conspiracy and of this count nine. All in violation of Title 18, United States Code, Section 371.

2.     On August 3, 2023, the Lubbock Police Department (LPD) received information from the Texas Financial Crimes Intelligence Center that a vehicle believed to be involved in "jackpotting" ATMs was seen in Lubbock, Texas. Jackpotting is an act where criminals deceive a free-standing ATM and gain access to all U.S. Currency stored inside the ATM. The act usually requires an electronic device to be attached inside the machine and uses malware designed to deceive the keypad system.

3.     The subject vehicle was seen on surveillance footage at an ATM that was jackpotted in Hereford, Texas, on July 11, 2023. LPD reviewed recent reports and connected the Hereford case to a jackpotting incident at an EZ Mart Convenience Store located at 5444 50th Street in Lubbock on June 27, 2023, where $5,700 was illegally withdrawn. The same vehicle was seen at the EZ Mart theft as was seen on surveillance footage at the Hereford theft. On August 3, 2023, the LPD Crime Suppression Unit located the vehicle in the parking lot of a motel in Lubbock, Texas. Further investigation revealed the suspects were renting out room #174.

4.     A search warrant was issued for the motel room as well as the suspect vehicle. When LPD executed the search warrant, Carlos Jordano Herrera Ruiz was located in the motel room, and Abel Valdes Ugarte and Yordanis Sanchez Tamayo were located in the vehicle. LPD also located and seized from the motel room a small wireless keyboard, multiple cellular phones and SIM cards, a multi meter tool, soldering equipment, numerous cash gift cards, receipts showing cash gift card purchases, a wallet

Abel Valdes Ugarte
Factual Resume—Page 4

with Ruiz's identification, mail addressed to Tamayo and Ruiz, a laptop computer, a Raspberry Pi computer box and mother board, miscellaneous fraudulent identification cards with different names and the same picture on each, passports, multiple SD cards, a MSR X6 card reader, a resident card belonging to Ugarte, a wallet belonging to Ugarte, and other computer mother boards with various types of wires connected. These items are consistent with tools used by individuals that are engaged in illegal jackpotting.

5.     Review of surveillance footage, witness reports, and other evidence revealed that the following ATM jackpotting incidents occurred as a part of this conspiracy:

- On June 27, 2023, an ATM located at EZ Mart at 5444 50th Street, Lubbock, Texas 79414, whose money was belonging to, or in the care, custody, control, management, or possession of Wells Fargo, was taken for $5,700.

- On July 11, 2023, an ATM located at Amigo's Supermarket at 520 N 25 Mile Avenue, Hereford, Texas, whose money was belonging to, or in the care, custody, control, management, or possession of First Bank and Trust, was taken for $3,600.

- On July 20, 2023, an ATM located at North West Texas Hospital Systems in Amarillo, Texas, whose money was belonging to, or in the care, custody, control, management, or possession of Amarillo National Bank, was taken for $67,000.

Abel Valdes Ugarte
Factual Resume—Page 5

- On two occasions in July 2023, an ATM located at North West Texas Hospital Systems in Amarillo, Texas, whose money was belonging to, or in the care, custody, control, management, or possession of Happy State Bank, was taken for $19,200 each time, for a total loss of $38,400.

- On July 23, 2023, an ATM located at BSA Health Systems in Amarillo, Texas, whose money was belonging to, or in the care, custody, control, management, or possession of Amarillo National Bank, was broken into and an attempt was made to jackpot the ATM, but the suspects fled without taking any money and left their tools behind.

6.      At all times material to this factual resume, Wells Fargo, First Bank and Trust, Amarillo National Bank, and Happy State Bank were banks the deposits of which were insured by the Federal Deposit Insurance Corporation.

7.      Ruiz, Ugarte, and Tamayo were all involved in the conspiracy to commit bank theft and engaged in acts to further that conspiracy and commit the jackpotting incidents described above.  Specifically, at least one individual named in this conspiracy physically took and carried away money belonging to or in the care, custody, control, management, or possession of the banks previously named.  The defendants intended to steal the money at the time that they took and carried it away from the ATM.  That is, the defendants wrongfully money belonging to another with intent to deprive the owner of its use or benefit either temporarily or permanently.  The defendants admit the money taken or attempted to be taken in each incident exceed $1,000 in value.

8.      Ugarte admits that he, Ruiz, and Tamayo, agreed to commit the crime of Bank Theft. Ugarte admits that he knew the unlawful purpose of the agreement and that he joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

9.      The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Nine of the Superseding Indictment.

AGREED TO AND STIPULATED on this _8th_ day of _February_, 2024.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
ABEL VALDES UGARTE
Defendant

_____
CALLIE WOOLAM
Assistant United States Attorney
Texas State Bar No. 24075306
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:    (806) 472-7564
Facsimile:    (806) 472-7394
E-mail:       callie.woolam@usdoj.gov

_____
KELTIN VONGONTEN
Attorney for Defendant

Abel Valdes Ugarte
Factual Resume—Page 7